UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE AMERICAN CENTER FOR CIVIL JUSTICE,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>    v.<br><br>JOSHUA M. AMBUSH,<br><br>    Defendant/Counterclaim Plaintiff. | Civil Action No. 09-0233<br>PLF/DAR |

**MEMORANDUM OPINION**

Plaintiff's Motion to Recuse Magistrate Judge Robinson (Document No. 45) is pending for determination by the undersigned. Upon consideration of the motion, the memoranda in support thereof and in opposition thereto and the entire record herein, Plaintiff's motion will be denied.

**BACKGROUND**

Plaintiff characterizes itself as "a non-profit organization dedicated to recompense for victims of terrorism[.]" Second Amended Complaint (Document No. 25), ¶1. Plaintiff alleges that "[t]o accomplish its mission, [it] enters into written agreements with victims of terrorism or the estate representatives of murdered victims . . . [and] [u]nder the terms of these [agreements], . . . advances funds for litigation and retains law firms and individual lawyers to prosecute the claims[.]" *Id.,* ¶8. Plaintiff alleges that it engaged Defendant, a lawyer, to help pursue litigation on behalf of victims of a 1972 attack at Lod Airport in Israel. *Id.,* ¶¶14, 18. Plaintiff refers to

The American Center for Civil Justice v. Ambush                                                    2

the civil action ultimately filed on behalf of the victims as "the *Franqui* Case[.]"[1]  *Id.,* ¶ 23.  At issue in the instant action are the parties' competing claims regarding, *inter alia*, the compensation Plaintiff owes Defendant for the services he rendered with respect to the investigation and litigation of the *Franqui* action.  *Id.,*¶¶ 52-65; *see also* Defendant Ambush's Answer and Counterclaim (Document No. 27); Answer to Counterclaim (Document No. 30).

      The instant action was referred to a United States Magistrate Judge "for management and resolution of all discovery-related issues."  Order (Document No. 37) at 1.  The Clerk of the Court randomly referred this action to the undersigned in accordance with the order and referral of the assigned United States District Judge.  Referral to Magistrate Judge (Document No. 38). Thereafter, the undersigned scheduled a status conference for September 11, 2009.  *See* 09/08/2009 ECF entry.  At the status conference, the undersigned informed counsel for the parties – both of whom were present – that one of the civil actions offered by Plaintiff as an example of the litigation for which it "advances funds . . . and retains law firms and individual lawyers to prosecute the claims on behalf of the victims" was an action referred to the undersigned.[2]  In response, counsel for Plaintiff stated that "we are very familiar with the proceeding before your honor and have absolutely no concern about that with respect to this matter before you now"; counsel for Defendant stated that "we also were aware of what the court

---

[1] *Franqui, et al. v. Syrian Arab Republic, et al.*, Civil Action No. 06-0734 (RBW).  *Franqui* was never referred to the undersigned for any purpose.  *See* ECF Docket Report.

[2] *See* Second Amended Complaint, ¶ 8.  In reviewing the pleadings in preparation for the status conference, the undersigned recognized Plaintiff's reference to litigation brought on behalf of "the relatives of 17 U.S. airmen murdered in the 1996 Khobar Towers bombing in Saudi Arabia[]" as *Heiser, et al. v. Islamic Republic of Iran, et al.,* Civil Action No. 00-2329, and *Campbell, et al. v. Islamic Republic of Iran, et al.,* Civil Action No. 00-1116, referred to the undersigned for report and recommendation with respect to any motion for judgment by default.  The undersigned's Report and Recommendation, published at 2006 WL 1530243 (D.D.C. June 6, 2006), was ultimately rejected by the court.  *See Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006).

The American Center for Civil Justice v. Ambush                                                                 3

just disclosed, and therefore have considered it, and have no difficulty with you handing these discovery disputes."

The response of Plaintiff's counsel in open court notwithstanding, Plaintiff – through the same counsel – filed a motion for the recusal of the undersigned ten days later.  *See* Plaintiff's Motion to Recuse Magistrate Judge Robinson ("Motion to Recuse") (Document No. 45).  In it – contrary to the response of Plaintiff's counsel on the record – Plaintiff states that "[a]t the time of the [status] conference, Counsel for [Plaintiff] was not aware of the issue raised by the Court." *Id.* at 2.[3]  As grounds of its motion, Plaintiff asserts only that "Counsel for [Plaintiff] has since learned, however, that [Plaintiff] does in fact have concerns about Magistrate Judge Robinson's prior exposure to and ruling on litigation similar to the *Franqui* suit that underlies the instant action."  *Id.*[4]  As relief, Plaintiff asks that the undersigned "exercise its discretion and take whatever action it would have taken had [Plaintiff] raised an objection at the September [11], 2009 scheduling conference."  *Id.*  Plaintiff's argument consists entirely of the proposition that "[a] magistrate judge has broad discretion [in] deciding whether recusal is appropriate."  *Id.* at 1 (citing *Cobell v. Norton,* 237 F. Supp. 2d 71, 78 (D.D.C. 2003)).

Defendant opposes Plaintiff's motion.  Defendant observes that Plaintiff, in its motion, fails to address Section 455 of Title 28 of the United States Code, the statute which governs disqualification of a federal judicial officer, making it "difficult to confirm on which provision therein it is moving."  Defendant Ambush's Opposition to Plaintiff's Motion to Recuse

---

[3]  Plaintiff states that "Counsel for [Plaintiff] attended the [status] conference, but no representative from [Plaintiff] itself was in attendance."  *Id.* at 1.

[4]  Plaintiff does not articulate the "concerns [.]"

The American Center for Civil Justice v. Ambush                                                                                        4

(Document No. 48) at 2.  Defendant submits that Plaintiff has failed to demonstrate that disqualification is required under either provision of Section 455.  *Id.* at 2; *see also id.* at 3 ("The fact that Judge Robinson previously issued a decision on the merits of a case paid for by the Plaintiff, but involving different parties, is not a sufficient grounds to reasonably question her ability to impartially decide the merits of the disputes between the parties to this case.").[5]

Plaintiff, in his reply, makes no reference to Section 455 of Title 28, or to Defendant's assertion that Plaintiff has failed to demonstrate, in accordance with that statute, that recusal is required.  *See* Plaintiff's Reply in Support of Motion to Recuse Magistrate Judge Robinson ("Plaintiff's Reply") (Document No. 52).  Rather, Plaintiff states that "[Plaintiff's] Motion simply requests that the Court exercise its discretion to take whatever action it would have taken at the September 11, 2009 status conference, if [Plaintiff] had raised an issue then[,]" and proffers that "no party will be prejudiced by assignment of this matter to a different magistrate judge."  *Id.*

**DISCUSSION**

The principal statutory authority which governs disqualification of a federal judicial officer is Section 455 of Title 28 of the United States Code.[6]  Section 455 provides, in pertinent

---

[5] Defendant further submits that if, at the status hearing, Plaintiff's counsel did not have authority to consent to the undersigned "continuing to preside[]" over the parties' discovery disputes, the "proper time to bring that fact to the Court's attention would have been at the hearing when the issue was raised."  *Id.* at 1, n.1.

[6] Recusal may also be sought pursuant to Section 144 of Title 28 of the United States Code.  Section 144 provides for a showing of "personal bias" by way of an affidavit. 28 U.S.C. § 144 ("The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists [,] [and] [i]t shall be accompanied by a certificate of counsel of record stating that it is made in good faith."); *see also Securities and Exchange Commission v. Loving Spirit Foundation Inc.*, 392 F.3d 486, 489 (D.C. Cir. 2004); *United States v. Miller*, 355 F. Supp. 2d 404, 405 (D.D.C. 2005).  Plaintiff filed neither a affidavit nor a certificate of counsel; accordingly, the pending motion will not be evaluated in accordance with the Section 144 criteria.

The American Center for Civil Justice v. Ambush                                                                    5

part:

>> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>>
>> (b) He shall also disqualify himself in the following circumstances:
>>
>>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

28 U.S.C. §455(a), (b)(1).[7]

A party moving for recusal pursuant to Section 455(a) "must demonstrate the court's reliance on an 'extrajudicial source' that creates an appearance of partiality or, in rare cases, where no extrajudicial source is involved, . . . a 'deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Cotton v. Washington Metropolitan Area Transit Authority,* 264 F. Supp. 2d 39, 41 (D.D.C. 2003) (citing *Tripp v. Executive Office of the President,* 104 F. Supp. 2d 30, 34 (D.D.C. 2000) (quoting *Liteky v. United States,* 510 U.S. 540, 555 (1994)). The existence of a ground warranting recusal under Section 455(a) is to be determined by an objective standard. *Cotton,* 264 F. Supp. 2d at 41-42 (citations omitted); *see*

---

[7] Four additional circumstances in which a judicial officer shall disqualify himself or herself are enumerated in Section 455(b). *See* 28 U.S.C.§ 455(b)(2) (requiring disqualification where the judicial officer, while in private practice, served as a lawyer or material witness concerning the matter in controversy, or a lawyer with whom the judicial officer was associated did so); 28 U.S.C.§ 455(b)(3) (requiring disqualification where the judicial officer served in governmental employment, and, in such capacity, participated as counsel, advisor or material witness with respect to the matter in controversy, or otherwise expressed an opinion concerning the merits of such matter); 28 U.S.C. § 455(b)(4) (requiring disqualification where the judicial officer, or an enumerated family member, has a financial interest in the controversy or in a party to the controversy, "or any other interest that could be substantially affected by the outcome of the proceeding[]"); and 28 U.S.C.§ 455(b)(5) (requiring disqualification where an enumerated family member is a party the the controversy; an officer, director or trustee of a party; acting as a lawyer in the controversy; "[i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding[,]" or "[i]s to the judge's knowledge likely to be a material witness in the proceeding."). The undersigned has never engaged in the private practice of law; never, in governmental employment – which preceded, by decades, the filing of this action – participated as counsel, advisor or material witness, or otherwise rendered an opinion with respect to any of the issues presented in this action; has no financial or other interest in the pending controversy or in any party to it; and has no family member who has a financial or other interest in the pending controversy or in any party to it. Neither party to this action has suggested otherwise. Accordingly, subsections (b)(2), (b)(3), (b)(4) and (b)(5) will not be discussed further herein.

The American Center for Civil Justice v. Ambush                                                                 6

*also United States v. Marin,* No. CRIM.A. 04-446, 2009 WL 3296162, at *2 (D.D.C. Oct. 13, 2009) ("Accordingly, the legal standard is an objective one that inquires whether a 'reasonable and informed observer would question the judge's impartiality.'") (citation omitted).

"Subsection (a) focuses on the appearance of impartiality as opposed to the existence, in fact, of any bias or prejudice." *United States v. Fiat Motors of North America, Inc.*, 512 F. Supp. 247, 251 (D.D.C. 1981). However, a party moving for recusal pursuant to Section 455(b) "[must] demonstrate actual bias or prejudice based upon an extrajudicial source." *Tripp*, 104 F. Supp. 2d at 34; *see also Zernik v. U.S. Dep't of Justice,* 630 F. Supp. 2d 24, 26 (D.D.C. 2009) (a judge shall disqualify himself or herself in any proceeding in which the judge, *inter alia,* "has 'personal knowledge of disputed evidentiary facts concerning the proceeding[]'") (citation omitted); *Ivey v. Nat'l Treasury Employees Union,* No. 05-1147, 2008 WL 4091676, at *1 (D.D.C. Sept. 4, 2008) ("[A] judge shall disqualify himself '[w]here he has a personal bias or prejudice concerning a party.'") (citation omitted).

"Judges are presumed to be impartial." *Tripp,* 104 F. Supp. 2d at 34 (citing *United States v. Fiat Motors,* 512 F. Supp. at 251); *see also Cotton,* 264 F. Supp. 2d at 42 ("There is a presumption of judicial impartiality, . . . and the burden the movant must carry to overcome this presumption is 'substantial.'") (citation omitted). "Thus, 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" *Id.* (quoting *Liteky,* 510 U.S. at 555); *accord Reddy v. O'Connor,* 520 F. Supp. 2d 124, 128 (D.D.C. 2007). In like manner, *"opinions formed by a judge on the basis of facts introduced* or events occurring in the course of the current proceedings, *or of prior proceedings,* do not constitute a basis for a bias or partiality motion *unless they display a deep-seated* favoritism *or antagonism* that would make fair

The American Center for Civil Justice v. Ambush                                                                    7

judgment impossible." *Liteky,* 510 U.S. at 555 (emphasis supplied); *see also Pigford v. Johanns,* Nos. 97-1978, 98-1693, 2008 WL 205614, at *2 (D.D.C. Jan. 24, 2008) ("Indeed, the law is clear that any alleged partiality or appearance of partiality must result from knowledge or bias acquired outside judicial proceedings and not, as alleged here, from the court's previous rulings or decisions in the case.") (citing *Liteky,* 510 U.S. at 554); *see also Ivey,* 2008 WL 4091676, at *1 ("[A] judge's legal decisions are almost never grounds for a claim of bias or [partiality].") (citation omitted).

      Here, Plaintiff relies entirely upon a prior "judicial ruling[]" of the undersigned as the basis of its motion; however, Plaintiff has failed to demonstrate – in accordance with subsection (a) or subsection (b) of Section 455 – a basis upon which the prior ruling should be regarded as an exception to the general principle articulated in *Liteky* that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Plaintiff has not alleged that the undersigned has relied upon any "extrajudicial source"; nor has Plaintiff alleged that the undersigned harbors any "deep-seated favoritism or antagonism that would make fair judgment impossible." *See Tripp*, 104 F. Supp. 2d at 34.  Rather, Plaintiff submits only that "[Plaintiff] does in fact have some concerns about Magistrate Judge Robinson's prior exposure to and ruling on litigation similar to the *Franqui* suit that underlies the instant action." Motion to Recuse at 2.[8]    No authority supports the proposition that recusal pursuant to Section 455(a) is required simply because a judge – in a different civil action – filed a report and recommendation, about which the movant – who was not even a party to the prior action – has unspecified "concerns[.]" Nor has Plaintiff sought to demonstrate – and indeed, has not even alleged – that the unspecified

---

[8]  *See* n.4, *supra.*

The American Center for Civil Justice v. Ambush                                                                  8

"concerns" evidence "actual bias or prejudice based upon an extrajudicial source[,]" warranting recusal in accordance with Section 455 (b)(1). *See Tripp*, 104 F. Supp. 2d at 34.

Moreover, the undersigned finds that there is no nexus between *Heiser* and *Campbell*, and the issues which the undersigned will be called upon to address in the instant action. *Heiser* and *Campbell* were referred to the undersigned for report and recommendation with respect to the motion for judgment by default; the instant action was referred to the undersigned exclusively for management of discovery. Thus, in the instant case, the undersigned will have no occasion to address any issue with respect to an award of damages to victims of state – sponsored terrorism.

Even assuming, *arguendo,* that *Heiser* and *Campbell* comprised "litigation similar to the *Franqui* suit that underlies the instant action[]" (Motion to Recuse at 2), the undersigned finds that any such similarity would be of no consequence. The court (Walton, J.) dismissed *Franqui* with prejudice after the *Franqui* plaintiffs voluntarily dismissed their claims. 01/06/2009 Minute Order; *see also* Plaintiffs' Notice of Dismissal With Prejudice (Document No. 51); Status Report (Document No. 50).[9] In the instant action, no claim regarding the merits of *Heiser* and *Campbell*, or the resolution of *Franqui,* is presented; rather, this action principally concerns the further compensation, if any, due Defendant by Plaintiff for Defendant's services in *Franqui* – a matter about which the undersigned knows absolutely nothing.

Plaintiff, in his reply, asks that the undersigned "exercise its discretion to take whatever action it would have taken at the September 11, 2009 status conference, it the [Plaintiff] had raise an issue then." Plaintiff's Reply at 1. It thus appears that Plaintiff assumes that if Plaintiff

---

[9] *See also* n.1, *supra.*

The American Center for Civil Justice v. Ambush                                                              9

had interposed an objection at the status hearing, then the undersigned immediately would have recused herself.  However, the undersigned did not determine in advance of any objection what the ruling on any objection would have been.  In any event, had Plaintiff offered only the limited representation on which Plaintiff now relies in its written motion, then the only determination consistent with Section 455 would have been that Plaintiff had not carried its burden under that statute.

**CONCLUSION**

For all of the foregoing reasons, the undersigned finds that Plaintiff has failed to demonstrate – indeed, even to allege – the undersigned's reliance on an extrajudicial source that creates 'an appearance of impartiality"; a "deep-seated favoritism or antagonism"; or "actual bias or prejudice based upon an extrajudicial source."  Accordingly, Plaintiff's motion will be denied.

                                                                       /s/
                                          DEBORAH A. ROBINSON
                                          United States Magistrate Judge

January 5, 2010