# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE AMERICAN CENTER FOR CIVIL JUSTICE,<br><br>   Plaintiff,<br><br>     v.<br><br>JOSHUA M. AMBUSH,<br><br>   Defendant. | Civil Action No. 09-0233<br>PLF/DAR |

## MEMORANDUM OPINION AND ORDER

Plaintiff commenced this action for declaratory relief, disgorgement of fees, and damages by filing a complaint against Defendant in this district more than two years ago. Plaintiff's claims arise from Defendant's alleged actions with respect to plaintiffs in litigation styled *Franqui, et al. v. Syria*, Civil Action No. 06-734 (hereinafter "the *Franqui* Claimants"), which proceeded to conclusion in this court.

Since the instant action was commenced by Plaintiff, the often contentious litigation of this action has proceeded apace. The litigation activity initiated by Plaintiff, in addition to the filing of the complaint by which this action was commenced, includes – but is not limited to – the filing of an amended complaint (*see* Document No. 11); moving for a preliminary injunction (*see* Document No. 12); filing a second amended complaint (*see* Document No. 25); agreeing with Defendant to conduct discovery in two phases (*see* Document No. 31 at 8; 04/13/2010 Minute Entry); moving for judgment on the pleadings with respect to Defendant's counterclaim (*see* Document No. 39); moving for recusal of the undersigned (*see* Document No. 45); moving to compel discovery (*see* Document No. 47), and filing an answer to Defendant's amended

American Center for Civil Justice v. Ambush

counterclaim (*see* Document No. 94).

In April, 2010, Plaintiff advised this court that in January, 2010, certain of the *Franqui* Claimants (termed "the *Berganzo* Plaintiffs") filed a lawsuit against Defendant in the United States District Court for the District of Puerto Rico. Notice of Subsequent Developments (Document No. 69) at 2. Plaintiff asserted that the action in Puerto Rico brought by the *Berganzo* Plaintiffs "is directly relevant to the [Motion for Judgment on the Pleadings (Document No. 39) and Motion for Leave to File An Amended Counterclaim (Document No. 40)] currently pending before this Court[.]" Notice of Subsequent Developments at 2; *see also id.* at 3 ("[Plaintiff] provides notice of these events because it believes these events are likely to bear on the Court's resolution of the pending motions."). Plaintiff maintained that the District of Puerto Rico action is "directly relevant" to the motions then pending for two reasons: (1) "[the plaintiffs in the Puerto Rico action] allege that [Defendant] wrongfully demanded that they enter into retainer agreements with [Defendant] *ex post facto,* in which they were obligated to pay [Defendant] 'an additional 10% in fees over the 20% agreed upon' according to the Claimant and Center Agreements[,]" and (2) "[Defendant's] Counterclaim against [Plaintiff] seeks compensation from [Plaintiff] above and beyond the hourly fees already paid to him by [Plaintiff] for his work on the *Franqui* Litigation." *Id.* at 2-3.

In September, 2010, the undersigned denied Plaintiff/Counterclaim Defendant's motion for judgment on the pleadings without prejudice, and granted Defendant/Counterclaim Plaintiff's motion for leave to file an amended counterclaim. *See* 09/30/2010 Minute Order. Plaintiff/Counterclaim Defendant filed an answer to the amended counterclaim on December 29,

American Center for Civil Justice v. Ambush

2010. Answer to Amended Counterclaim (Document No. 94).[1]

Six days later, Plaintiff filed the pending motion to stay this proceeding, or, in the alternative, to transfer it to the United States District Court for the District of Puerto Rico pursuant to 28 U.S.C. § 1404(a). Plaintiff's Motion for Stay, or in the Alternative, for Transfer to the United States District Court for the for Puerto Rico ("Motion for Stay or for Transfer") (Document No. 95/96). As grounds, Plaintiff, relying on the declaration of a lawyer for the *Berganzo* Plaintiffs, states that discovery is proceeding in that case, and that a subpoena to testify at a deposition had been served upon a member of Plaintiff's board of directors. Motion for Stay or for Transfer at 2-3. More broadly, Plaintiff asserts that "[t]he matters alleged in the [action pending in Puerto Rico] are inextricably intertwined with the allegations in the Second Amended Complaint (Dkt. No. 25) and the Amended Answer and Counterclaim in this action. (Dkt. Nos. 87 and 94). All of the witnesses to [Defendant's] activities that are involved in the [action pending in Puerto Rico] are located in Puerto Rico." *Id.* at 3.[2] Plaintiff asks that this action be stayed "until the claims in [the action pending in Puerto Rico] are resolved," or alternatively, transferred to that district, "in order to avoid potential contradictory and conflicting resolution of the claims . . . and duplicative costly discovery[.]" *Id.*; *see also* Plaintiff's Memorandum in Support of the Motion for Stay, or in the Alternative, for Transfer to the United States District Court for Puerto Rico ("Plaintiff's Reply") (Document No. 103) at 2-12.

Defendant opposes the motion. Defendant observes that "pursuant to the Court's

---

[1] In its answer to the amended counterclaim, Plaintiff "admits that venue is proper in this judicial district[.]" Answer to Amended Counterclaim ¶ 4. While not responsive to a corresponding allegation of the amended counterclaim, Plaintiff "also admits that venue would be proper in the judicial district in Puerto Rico[.]" *Id.*

[2] Plaintiff does not suggest that it is a party to the action pending in Puerto Rico.

American Center for Civil Justice v. Ambush

Scheduling and Case Management Order[,]" the parties "are now obligated to participate in mediation[.]" Defendant/Counter-Plaintiff's Opposition to Plaintiff/Counter-Defendant's Motion for Stay, or in the Alternative, for Transfer to the United States District Court for Puerto Rico ("Defendant's Opposition") (Document No. 101) at 1; *see also id.* at 6. Defendant submits that Plaintiff's motion "should also be denied as it is untimely and unsupported by any compelling reason or any relevant change in circumstance which would justify a transfer of venue away from the forum of Plaintiff's choosing[,]" and that "the balance of interests weighs against transfer[.]" *Id.; see also id.* at 7-11.

    The undersigned heard the arguments of counsel at a hearing on February 2, 2011. *See* 02/02/2011 Minute Entry. As a consequence of the undersigned's concern that Plaintiff had offered no authority in support of its motion in the circumstances presented here – *i.e.,* a motion for a stay pending the conclusion of an action in another district, or for transfer to the other district, where the movant (1) commenced the case in its chosen forum, (2) concedes that venue of the counterclaim against it is proper, and (3) is not a party to the action in the other district – the undersigned directed Plaintiff to file a supplemental memorandum in which such authority is cited. *See* 02/02/2011 Minute Order. Plaintiff filed a supplemental memorandum, and Defendant, a response thereto, in accordance with the undersigned's order. *See* Supplemental Memorandum in Support of Plaintiff's Motion for Stay, or in the Alternative, for Transfer tot he United States District Court for Puerto Rico ("Plaintiff's Supplemental Memorandum") (Document No. 104); Response to Plaintiff's Supplemental Memorandum in Support of Plaintiff's Motion for Stay, or in the Alternative, for Transfer to the United States District Court for Puerto Rico ("Defendant's Response") (Document No. 105).

American Center for Civil Justice v. Ambush

Upon consideration of the parties' written submissions, their proffers and arguments during the hearing on the motion and the entire record herein, Plaintiff's motion will be denied.

**DISCUSSION**

*Plaintiff has identified no ground warranting a stay of this action*

Plaintiff commenced the instant action by filing a complaint in this district more than two years ago. Plaintiff continues to assert that venue is proper in this district; Plaintiff moved for injunctive and other relief in this district; Plaintiff completed the first phase of discovery in this district. While Plaintiff maintains that "[t]he matters alleged [in the action pending in Puerto Rico" are "inextricably intertwined" with the allegations pled in the instant action, Plaintiff has failed to offer any support for that proposition. Plaintiff is not a party to the action pending in Puerto Rico, and none of the *Berganzo* Plaintiffs is a party to the action pending in this district. The only relationship between the two actions which the undersigned is able to discern is that Defendant is the defendant in both cases. Defendant – the only party who possibly could be prejudiced by the litigation of two action against him in two different districts – opposes a stay.

Even assuming, *arguendo,* that the two actions are indeed "inextricably intertwined[,]" Plaintiff has failed to demonstrate how that fact serves to prejudice, or in any way disadvantage, Plaintiff. While the action pending in Puerto Rico is clearly of more than passing interest to Plaintiff, such interest is not a basis upon which to stay an action for an indeterminate period to await the resolution of the action pending there.

Plaintiff cites no authority in support of its request for a stay, and relies on the court's "inherent authority[.]" However, Plaintiff's request that the court exercise its inherent authority

American Center for Civil Justice v. Ambush

is devoid of any basis warranting such action. Plaintiff has made no effort to demonstrate that a stay of this action would further the court's case management objectives, or otherwise ensure a more fair and just resolution of this action. Nor has Plaintiff shown that its concern that one of its officers could be deposed in the case pending in Puerto Rico (*see, e.g.,* Plaintiff's Reply at 5) is a basis upon which this action should be stayed: to the extent which Plaintiff, or one of its officers, objects to the proposed discovery in the action pending in Puerto Rico, a judge in that district is empowered to rule with respect to the appropriate limits of discovery.

### *Plaintiff has not satisfied the requirements for transfer*

District courts "[are] afforded broad discretion to decide whether transfer from one jurisdiction to another is proper under 28 U.S.C. § 1404(a)." *Malveaux v. Christian Brothers Services,* 2010 WL 4870734, No. 10-587, at *4 (D.D.C. November 30, 2010) (citation omitted). The determination of a motion to transfer "is made by an 'individualized, case-by-case consideration of convenience and fairness . . . .'" *Id.* (citation omitted); *see also Chauhan v. Napolitano*, No. 10-491, 2010 WL 4258963, at *2 (D.D.C. October 25, 2010) (citation omitted). "The moving party 'bear[s] a heavy burden of establishing that plaintiff['s] choice of forum is appropriate.'" *Id.* (citation omitted).

The undersigned observes that while Plaintiff discusses the requirements of Section 1404(a) of Title 28, pursuant to which he asks that this action be transferred to the District of Puerto Rico (*see, e.g.*, Plaintiff's Reply at 6-12), it has failed to carry its burden to show that the

court should exercise its discretion to do so.[3]

      The undersigned finds that Plaintiff has failed to show that the governing considerations support its request. More troublesome, however, is the absence from Plaintiff's argument of the context in which the request arises: (1) Plaintiff filed this action in this district more than two years ago; (2) Plaintiff advised the court in April, 2010 that the action in Puerto Rico was filed in January, 2010; (3) Plaintiff made no effort at that time to request that this action be transferred to the District of Puerto Rico, and instead, advised only that the action pending in Puerto Rico was relevant to the motions then pending in this court; (4) only after those motions were denied, and mediation was the next scheduled activity in this court, did Plaintiff suggest that the action pending in Puerto Rico was actually relevant to the amended complaint and Defendant's counterclaim; and (5) Plaintiff admits that venue of Defendant's counterclaim is proper in this district. *See* Joint Status Report (Document No. 97) at 1-2 ("Pursuant to Paragraph 1 of the Scheduling and Case Management Order[,] . . . the parties have completed the first phase of discovery. On September 30, 2010, Magistrate Judge Deborah A. Robinson with the consent of all counsel, denied without prejudice Plaintiff's Motion for Judgment on the Pleadings . . . ; granted Defendant leave to file an Amended Counterclaim . . . ; and ordered Plaintiff/Counterclaim Defendant to either file a responsive pleading to the Amended

---

[3] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." *Sibley v. Sibley*, 681 F. Supp. 2d 38, 40 (D.D.C. 2010) (citation omitted). "To assess whether transfer is appropriate, the court will 'balance a number of case-specific factors which include the private interests of the parties as well as public interests such as efficiency and fairness.'" *Id.* (citation omitted). "The private interest factors include: (1) plaintiff's choice of forum, (2) defendant's choice of forum, (3) whether the claim arose elsewhere, (4) convenience of the parties, (5) the convenience of the witnesses, and (6) the ease of access to sources of proof." *Id.* "The public interest factors include: (1) the transferee district's familiarity with the governing law, (2) the relative congestion of both the transferor and transferee courts, and (3) the local interest in deciding local controversies at home." *Id.* "The party seeking transfer bears the burden of demonstrating that the 'balance of convenience of the parties and witnesses and the interest of justice are in [its] favor.'" *Id.* (citation omitted).

American Center for Civil Justice v. Ambush

Counterclaim or supplement the memorandum in support of its Motion for Judgment on the Pleadings. On December 29, 2010, Plaintiff/Counterclaim Defendant filed its answer to the Amended Counterclaim[.]").[4]

The undersigned finds that in these circumstances, transfer would frustrate the interest of justice by effectively allowing a party to opt out of the court's scheduling order. Plaintiff has vigorously litigated this action in this district, and has offered no reason that it cannot continue to do so. In sum, Plaintiff has failed to carry its burden to show that transfer is warranted.[5]

**CONCLUSION**

For all of the foregoing reasons, it is, this 21st day of March, 2011,

**ORDERED** that Plaintiff's Motion for Stay, or in the Alternative, for Transfer to the United States District Court for Puerto Rico (Document No. 95/96) is **DENIED.**

_____/s/_____
DEBORAH A. ROBINSON
United States Magistrate Judge

---

[4] *See also* n.1, *supra*.

[5] The undersigned finds that all of the authorities on which Plaintiff relies in support of its motion to transfer pursuant to Section 1404(a) are distinguishable. *See* Defendant's Response at 2-4. While no judge of this district has expressly so held, Section 1404(a) appears to contemplate that transfer pursuant to that section is to be considered largely as an alternative to dismissal, and not simply as a device by which to ease a party's discovery and other litigation obligations. *Cf. Gordon v. Gutierrez*, No. 05-1926, 2006 WL 1876944, at * 3 (D.D.C. July 6, 2006) (case transferred "[b]ecause the Court concludes that it is in the interest of justice to transfer this action as oppose to dismissing it[.]").