UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
THE AMERICAN CENTER FOR             )
  CIVIL JUSTICE,                    )
                                    )
          Plaintiff,                )
                                    )
     v.                             )     Civil Action No. 09-0233 (PLF)
                                    )
JOSHUA M. AMBUSH, ESQ.,             )
                                    )
          Defendant.                )
_____ )


MEMORANDUM OPINION AND ORDER

Defendant Joshua M. Ambush has filed a motion to enforce the settlement agreement that was entered into by the parties with the purposes of settling their mutual claims in this case. See Motion to Enforce, Dkt. No. 139 (docketed June 18, 2014). For the reasons that follow, the Court will direct the defendant to show cause in writing as to why the motion should not be denied for lack of jurisdiction.

This case was dismissed with prejudice on October 5, 2012, pursuant to the parties' joint stipulation of dismissal under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Joint Stipulation, Dkt. No. 137 (Oct. 5, 2012); see FED. R. CIV. P. 41(a)(1)(A) ("Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared."). The parties' stipulation of dismissal stated in its entirety:

> Pursuant to Federal Rule of Civil Procedure 41(a)(l)(A)(ii), the parties, by and through their undersigned counsel, hereby stipulate to the dismissal of all claims and counterclaims in this case, with prejudice, each party to bear its own fees and costs.

Joint Stipulation at 1.

A joint stipulation under Rule 41(a)(1)(A)(ii) is self-executing; a separate court order is not required. In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1988) ("[C]aselaw concerning stipulated dismissals under Rule 41(a)(1)[(A)](ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval.") (quoting Gardiner v. A.H. Robins Co., Inc., 747 F.2d 1180, 1189 (8th Cir. 1984)); see also Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1278 (11th Cir. 2012) (collecting cases and concluding that "a stipulation filed pursuant to [Rule 41(a)(1)(A)(ii)] is self-executing and dismisses the case upon its becoming effective"). The case therefore was dismissed upon the filing of the parties' stipulation.

Once a case has been dismissed, a federal court does not retain jurisdiction to enforce a settlement agreement simply on the basis of its prior authority over the underlying dispute. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381-82 (1994); Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d at 1278 ("enforcement of a settlement agreement falls outside of the scope of ancillary jurisdiction of the federal courts, even when the court had jurisdiction to hear the underlying case"). There must be either "some independent basis for federal jurisdiction," or the Court must possess ancillary jurisdiction because "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. at 382-82; see also T Street Dev., LLC v. Dereje & Dereje, 586 F.3d 6, 11 (D.C. Cir. 2009).

Several courts have concluded that in the context of self-executing stipulations of dismissal, jurisdiction is retained only if (1) prior to filing the joint stipulation, the parties seek a

court order retaining jurisdiction over the agreement or embodying the terms of the agreement; or (2) the parties file a joint stipulation that is contingent on a court order retaining jurisdiction. See Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d at 1280; SmallBizPros, Inc. v. MacDonald, 618 F.3d 458, 463 (5th Cir. 2010); International Painters and Allied Trades Indus. Pension Fund v. M.P. Indus. Coatings, Inc., 506 F. Supp. 2d 5, 6-7 (D.D.C. 2007); Dailey v. Park, 468 F. Supp. 2d 209, 212-14 (D.D.C. 2007). The parties in this case took neither of these steps: there was no motion requesting that the Court retain jurisdiction, nor was the stipulation conditioned on any jurisdictional order. In fact, the joint stipulation is devoid of any reference at all to compliance with the settlement agreement, and the settlement agreement itself was never filed with the Court – until recently, as an exhibit to defendant's motion to enforce. See Motion to Enforce, Ex. 1.

In light of the foregoing, the Court does not see how it would have authority to grant the defendant's motion. The defendant's motion to enforce is not helpful in this regard: although the defendant's 41-page motion, accompanied by 22 exhibits, raises a number of different legal and factual issues, it contains only one page devoted to the question of jurisdiction, and its jurisdictional argument is unpersuasive.[1] The Court believes that it is in the interest of efficiency and judicial economy to resolve this jurisdictional question before turning (if necessary) to the other legal and factual questions raised by defendant's motion.

Accordingly, it is hereby

---

[1] The defendant's sole jurisdictional argument appears to be that because this Court never entered an order dismissing the case, the underlying suit is still pending before the Court. See Motion to Enforce at 3-4 (citing Bailey v. Potter, 478 F.3d 409 (D.C. Cir. 2007)). This argument ignores the principle that Rule 41(a)(1)(A)(ii) agreements are self-executing. See, e.g., In re Wolf, 842 F.2d at 466; Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d at 1278; cf. Bailey v. Potter, 478 F.3d at 411-12 (concluding that district court retained jurisdiction over the case, and therefore had authority over a motion to enforce a settlement agreement, where district court issued an oral order dismissing case, but where neither a separate order of dismissal nor a joint stipulation of dismissal was filed on the docket).

ORDERED that, by July 18, 2014, the defendant shall SHOW CAUSE in writing why [Dkt. No. 139] defendant's motion to enforce should not be denied for lack of jurisdiction; and it is

FURTHER ORDERED that the plaintiff's deadline to respond to defendant's motion to enforce is hereby STAYED pending further order of the Court.

SO ORDERED.

DATE: June 18, 2014

/s/_____
PAUL L. FRIEDMAN
United States District Judge